IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA BROWNLEE,

                CASE NO.: 2:17-cv-00141-UA-CM

*Plaintiff,*

v.

LANDSOUTH CONSTRUCTION, LLC
a Florida Corporation,

*Defendant.*

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

  Plaintiff, PAULA BROWNLEE and Defendant, LAND SOUTH CONSTRUCTION, LLC (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court approve the terms of the Parties' settlement of the above-captioned matter and dismiss this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* **Exhibit "A."**

**I.**  **Legal Principles**

  Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding*

*Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and Defendant were represented by experienced counsel. After suit was filed, the parties exchanged time and payroll records. The parties attended a settlement conference on June 19, 2017, and attempted to reach a settlement. While the parties did not reach a settlement at that conference, negotiations continued over the next several weeks and additional information was exchanged. Eventually, the parties were able to reach the terms of a final settlement, subject to court approval. Undersigned counsel for Plaintiff has evaluated all of the circumstances including the amount of the proposed settlement and the strengths and weaknesses of the case. After carefully being advised, Plaintiff has elected to accept the terms of the settlement and has signed the Settlement Agreement.

## II.     Terms of FLSA Settlement

### A.     Plaintiff's Recovery

Plaintiff will receive a total settlement in the amount of $8,000, representing $4,000 in alleged back wages and $4,000 in liquidated damages. The settlement amount to Plaintiff is less

than the total estimated claim made by the Plaintiff in her FLSA interrogatories ($18,000 in back wages based upon a 1.5 calculation). However, the amount of the settlement is a fair and reasonable compromise of Plaintiff's claims based upon disputed issues of fact and law between the parties.

The Defendant denied any liability and claimed that Plaintiff was exempt from overtime under 29 CFR Part 541 § 13(a)(1). Additionally, Defendant disputed that Plaintiff had worked in excess of 40 hours in a workweek during her employment or, assuming that the Plaintiff had worked in excess of 40 hours, the number of overtime hours were far less than what was claimed by the Plaintiff. There were no time records available and the Defendant vigorously disputed the Plaintiff's estimations. There was also a dispute between the parties regarding the proper calculation of overtime (halftime versus time and one half). If a halftime calculation was to be applied, Plaintiff's overtime claim would be reduced significantly. Finally, the parties disputed whether liquidated damages were warranted. Given the number of disputed issues, the amount of money in controversy, and the cost of litigation, the parties believe that the settlement is a fair and reasonable compromise of a disputed claim.

### B. Attorney's Fees/Costs

Separately, Plaintiff's counsel will be paid $5,000.00 as payment for attorney's fees and costs. Plaintiff's attorney's fees and costs were negotiated separately from Plaintiff's settlement and without regard to the amount to be paid to the Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

### C. Mutual General Release

The proposed Settlement Agreement also contains mutual general releases in favor of the other party. While general releases are typically disfavored in FLSA cases, *see Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010), "courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which plaintiff is entitled under the FLSA." *Martini v. Bridgewater Inn of Matlacha, LLC*, 2:15-CV-658-FTM-38CM, 2016 WL 3556803, at *2 (M.D.

Fla. 2016), *report and recommendation adopted sub nom. Buntin v. Square Foot Mgmt. Co., LLC*, 6:14–CV–1394–ORL–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer). Here, the general release contained in the agreement is mutual. This case involves an employment dispute between the parties and the general releases will give both parties certainty that all legal claims between the parties have been mutually extinguished. The parties request that the Court approve the mutual general releases contained within the Settlement Agreement based upon the above consideration.

### III.   Conclusion

The Parties jointly request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action with prejudice.

**Respectfully submitted,**

**Dated: September 5, 2017**

| By: /s/ **Jason L. Gunter, Esq.** | By: /s/ **Patrick M. Boland, Esq.** |
|---|---|
| Jason L. Gunter | Patrick M. Boland |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that we electronically transmitted the attached document to the Clerk of Court using the CM / ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM / ECF registrants on September 5, 2017.

| By: /s/ **Jason L. Gunter, Esq.** | By: /s/ **Patrick M. Boland, Esq.** |
|---|---|
| Jason L. Gunter | Patrick M. Boland, Esq. |
| Fla. Bar No. 0134694 | Fla. Bar No. 93896 |
| Conor P. Foley | James F. Butler Jr. Esq. |
| Fla. Bar No. 111977 | Fla. Bar. No. 124949 |
| **GUNTERFIRM** | **COLE SCOTT KISSANE, P.A.** |
| 1514 Broadway, Suite 101 | 27300 Riverview Center Boulevard Suite 200 |
| Fort Myers, Florida 33901 | Bonita Springs, FL 34134 |
| **Phone:** (239) 334-7017 | **Phone:** (239) 690–7900 |
| **Fax:** (239) 236-8008 | **Fax:** (239) 738–7778 |
| **Email:** Jason@Gunterfirm.com | **Email:** patrick.boland@csklegal.com |
| **Email:** Conor@Gunterfirm.com | **Email:** james.butler@csklegal.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is made by and between PAULA BROWNLEE ("**BROWNLEE**"), and LANDSOUTH CONSTRUCTION, LLC, ("**LANDSOUTH**").

## RECITALS

**WHEREAS**, on March 9, 2017, BROWNLEE filed suit against LANDSOUTH in Federal Court for the Middle District of Florida (Case Number 2:17-cv-00141-UA-CM) alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA");

**WHEREAS**, BROWNLEE and LANDSOUTH have reached a final settlement; and now mutually desire to settle BROWNLEE'S claims under the FLSA as well as extinguish all claims between them pursuant to this written Settlement Agreement;

**NOW, THEREFORE**, in consideration of the mutual promises set forth in this Agreement, BROWNLEE and LANDSOUTH agree as follows:

1. **MONETARY CONSIDERATION:** LANDSOUTH shall pay the gross settlement sum of Thirteen Thousand Dollars **($13,000)**, which gross sum shall be paid allocated as follows:

    a. **FLSA Overtime Claim:** Eight Thousand Dollars **($8,000)** shall be allocated for settlement of BROWNLEE'S FLSA overtime claim including liquidated damages;

    b. **Attorney's Fees and Costs:** Five Thousand Dollars (**$5,000**) shall be allocated as attorney's fees and costs for Plaintiff's counsel, "Jason L. Gunter, P.A." (Tax ID # 22-3977208).

2. **TIMING OF PAYMENTS / DISTRIBUTION:** The above gross sum shall be tendered in two separate checks, as follows:

    a. **Check One:** Eight Thousand Dollars **($8,000)**, made payable to **"Paula Brownlee,"** in consideration of alleged overtime wages and liquidated damages.

    b. **Check Two:** Five Thousand Dollars **($5,000)**, made payable to **"Jason L. Gunter, P.A.,"** in consideration of attorneys' fees and costs.

Both checks shall be tendered to Plaintiff's counsel, Jason L. Gunter, Esq., such that they are **received within ten (10) days of entry of the Court's order approving the Settlement Agreement**. The above payments shall be tendered by delivery to: **GUNTERFIRM, 1514**

**Broadway, Ste. 101, Fort Myers, FL 33901**. Plaintiff's counsel shall withhold any disbursement of funds until the court has approved this Settlement Agreement.

3. **TAXATION:** The payments described above shall be tendered in full, with no withholdings. Pursuant to the terms of this Settlement Agreement, LANDSOUTH shall issue two separate IRS 1099 Forms, one to Plaintiff representing all sums to be paid to BROWNLEE, and one to Plaintiff's counsel, separately, representing all sums paid to Plaintiff's counsel. Plaintiff accepts sole responsibility for the reporting and payment of her own taxes under this Agreement.

4. **COURT APPROVAL AND DISMISSAL OF ACTION**: Pursuant to the court's FLSA Scheduling Order and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties authorize their respective attorneys to give notice to the court and to effectuate the dismissal with prejudice of the civil case, including a Motion to Approve Settlement Agreement. The parties authorize their counsel to take any necessary action to effectuate approval of the Settlement Agreement and, to the extent necessary, to engage in good faith to modify or eliminate any terms which the court requires or declines to approve. If required by the court, the parties agree to cooperate and to modify any provisions of this Settlement Agreement and to promptly re-sign a revised Settlement Agreement.

5. **NO ADMISSION OF LIABILITY:** LANDSOUTH has made this payment for business reasons and it denies any liability associated with Plaintiff's claims.

6. **MUTUAL GENERAL RELEASES:**

    a. **Release by Plaintiff BROWNLEE**: Plaintiff Paula BROWNLEE agrees to hereby release, waive, satisfy, and forever discharge Defendant LANDSOUTH Construction, LLC and its owners, agents, employees, officers, shareholders, insurers, and related companies from any and all claims, demands, actions, causes of action, suits or damages of any kind, that Plaintiff now has or has had, known or unknown, since the beginning of time until the date of this Agreement. This Release includes, but is not limited to, all wage-related claims or claims for compensation, including all claims asserted by BROWNLEE in Federal Court for the Middle District of Florida (Case Number 2:17-cv-00141-UA-CM) alleging violation of the Fair Labor Standards Act ("FLSA").

    The claims subject to this release include but are not limited to: any claims of harassment, discrimination, and/or retaliation on the basis of sex, race, color, ethnicity, religion, national origin, pregnancy, disability, marital status, or other protected class or activity under Title VII of the Civil Rights Act of 1964 as

amended (42 U.S.C. § 2000 et seq.), the Civil Rights Act of 1866 and 42 U.S.C.A. § 1981, the Americans With Disabilities Act as amended (42 U.S.C. § 12101 et seq.), the Florida Civil Rights Act of 1992, Florida's Private Sector Whistleblower Act (Fla. Stat. § 448.101, et. seq.), and any other applicable local, state, or federal law or constitutional provision; for violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.), Art. X, § 24 FLA. CONST. and the Florida Minimum Wage Act (Fla. Stat. § 448.110), the Family and Medical Leave Act (29 U.S.C.A. § 2611 et seq.), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.), and the Employee Retirement Income Security Act of 1974 as amended (29 U.S.C.A. § 1.001 et seq.); all claims based in contract or tort law, including but not limited to: claims for breach of contract, wrongful termination, assault, battery, infliction of emotional distress, libel, slander, invasion of privacy, fraud, breach of fiduciary duty, negligence, etc.; and any other claims based on local, state, or federal law. The claims subject to this release specifically include all claims that were or could have been asserted by BROWNLEE in the Lawsuit. Provided, however, that this release shall not excuse LANDSOUTH from performing its obligations under this Agreement, nor shall this release apply to any claim that cannot lawfully be released by private agreement. Furthermore, nothing in this Agreement shall be construed to prohibit BROWNLEE from filing a charge with or participating in any investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission or a comparable state or local agency, although BROWNLEE agrees to waive her right to recover monetary damages in any charge, complaint, or lawsuit filed by her or by anyone else on her behalf. BROWNLEE expressly represents and warrants that except for the Lawsuit, no claim subject to this release, or administrative agency action regarding any matters which would form a claim subject to this release, have been commenced as of the date she signs this Agreement. This is a General Release of all claims.

b. **Release by Defendant Defendant LANDSOUTH Construction, LLC**: Defendant LANDSOUTH Construction, LLC agrees to hereby release, waive, satisfy, and forever discharge Plaintiff BROWNLEE from any and all claims, demands, actions, causes of action, suits or damages of any kind, that Defendant now has or has had, known or unknown, since the beginning of time until the date of this Agreement. This is a General Release of all claims

7. **ENFORCEMENT / ATTORNEY'S FEES:** In the event that either party is required to enforce this Agreement, the prevailing party shall be entitled to costs and reasonable attorney's fees.

8. **NO FUTURE EMPLOYMENT:** BROWNLEE shall not seek employment or reemployment with LANDSOUTH or any of its affiliates (including entities affiliated by

common ownership or control), and any application for employment which she makes may be rejected lawfully pursuant to the terms of this Agreement.

9. **ENTIRE AGREEMENT:** This Agreement contains the entire agreement and understanding between the parties with respect to the subject matter discussed herein.

10. **SEVERABILITY:** If any provision of this Agreement is held invalid, such invalidation shall not affect other provisions of this Agreement; to this end, the provisions of this Agreement shall be severable.

11. **MODIFICATION:** This Agreement may only be modified by a subsequent writing signed by the parties, or to comply with any court-imposed conditions required for approval of the Agreement, as detailed in paragraph 4, above.

12. **KNOWING AND VOLUNTARY:** BROWNLEE acknowledges that she has been represented by counsel throughout this case and that she has been thoroughly advised regarding all her rights. BROWNLEE signs this Agreement knowingly and voluntarily with a full understanding of its terms and her rights. Plaintiff BROWNLEE is specifically aware of, and agrees to, the allocation of the settlement funds herein, including the payment of attorney's fees and costs. BROWNLEE acknowledges that the amount of attorneys' fees and costs is reasonable and was agreed-upon separately and without regard to the amount paid to Plaintiff. BROWNLEE understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees arising out of this action.

13. **REVOCATION OF AGREEMENT:** BROWNLEE acknowledges that she has certain rights with respect to this Agreement under the Age Discrimination in Employment Act ("ADEA") and the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), including:

    a. Twenty-one (21) days within which to consider this Agreement;

    b. Seven (7) days following the execution of this Agreement within which to revoke the Agreement, and during which time the Agreement will not be effective or enforceable;

    c. The right to consult with an attorney prior to executing this Agreement;

    d. BROWNLEE acknowledges that she has been advised to consult with an attorney prior to executing this Agreement and that any execution of this Agreement by her within 21 days from its delivery to her shall be voluntary and shall constitute a waiver of her right to consider this Agreement for 21 days. BROWNLEE agrees that no promises or threats have been made to her to induce her to sign this Agreement prior to the expiration of 21 days from the delivery of the Agreement to

her. Revocation of this Agreement by BROWNLEE must be communicated in writing so that it is received by Patrick M. Boland, of COLE, SCOTT & KISSANE, P.A., within seven (7) days of BROWNLEE'S execution of this Agreement. Any such revocation should be directed to 27300 Riverview Center Blvd., Ste. 200, Bonita Springs, Florida, 34134.

14. **EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

**THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.**

PAULA BROWNLEE ("BROWNLEE")

X _Paula L Brownlee_

Date: _9-1-17_

LANDSOUTH CONSTRUCTION, LLC ("LANDSOUTH")

X _____

Name: _____

Its: _____

Date: _____

her. Revocation of this Agreement by BROWNLEE must be communicated in writing so that it is received by Patrick M. Boland, of COLE, SCOTT & KISSANE, P.A., within seven (7) days of BROWNLEE'S execution of this Agreement. Any such revocation should be directed to 27300 Riverview Center Blvd., Ste. 200, Bonita Springs, Florida, 34134.

14. **EXECUTION/ORIGINALS NOT REQUIRED:** This Agreement may be signed in counterparts. A signed copy of this Agreement, if transmitted by email or fax, shall be effective and binding as if it were an original.

THE PARTIES HAVE EXECUTED THIS SETTLEMENT AGREEMENT AND AGREE TO ITS TERMS AS OF THE DATE BELOW.

PAULA BROWNLEE ("BROWNLEE")

X _____

Date: _____

LANDSOUTH CONSTRUCTION, LLC ("LANDSOUTH")

X _[signature]_____

Name: JAVIER J. CINTRON

Its: CFO

Date: 8/31/17