UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULA BROWNLEE,

    Plaintiff,

v.                                                                                Case No: 2:17-cv-141-FtM-99CM

LANDSOUTH CONSTRUCTION, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement (Doc. 18) filed on September 5, 2017. The parties provided for the Court's review a copy of the Settlement Agreement. Doc. 18 at 7-12.[2] The parties request that the Court approve the parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. Doc. 18. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] The page numbers here refer to the CM/ECF page number.

pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the

opinions of the counsel. *See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

Here, Plaintiff Paula Brownlee filed a Complaint and Demand for Jury Trial ("Complaint"), seeking recovery of overtime compensation under the FLSA against Defendant Landsouth Construction, LLC. Doc. 1. Defendant is a Florida commercial construction company that conducts business in Fort Myers, Florida. *Id.* ¶¶ 11, 16. The Complaint alleges that Plaintiff worked as an assistant superintendent and laborer for Defendant approximately from August 2016 to January 23, 2017. *Id.* ¶¶ 15, 17-18. Plaintiff alleges that although she worked in excess of forty (40) hours within a workweek, she was not paid any overtime premium for overtime hours worked. *Id.* ¶¶ 19-21.

In the proposed settlement agreement, Defendant agrees to pay Plaintiff a settlement amount totaling eight thousand dollars ($8,000.00) in consideration of Plaintiff's underlying claim for overtime wages and liquidated damages. Doc. 18 at 7. Defendant also will pay to Plaintiff's counsel the sum of five thousand dollars ($5,000.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiff. *Id.* at 3, 7.

The parties state that Plaintiff's counsel has evaluated all of the circumstances, including the settlement amount and the strengths and weaknesses of this case. *Id.* at 2. The parties represent that although the settlement amount is less than Plaintiff's claimed damages, the settlement agreement is fair and

reasonable given disputed issues, the amount of money in controversy and the cost of litigation. *Id.* at 3. The parties also state that Plaintiff knowingly and voluntarily entered into this settlement agreement with her counsel's advice. *Id.* at 10. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends that the monetary terms of the proposed settlement are a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond*, 2014 WL 2861483.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 18

at 3. As noted, as part of the settlement, Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00. *Id.* at 7.

The Court further notes that the proposed settlement agreement contains a mutual general release of claims. *Id.* at 8-9. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). This court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed

to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3. Other courts also have found mutual general releases to confer a benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

Here, the parties assert that the mutual general release provides certainty to them by extinguishing all legal claims between them. Doc. 18 at 3-4. Accordingly, the Court recommends that Defendant's reciprocal general release is sufficient independent consideration for Plaintiff's general release. *Id.* at 3-4, 8-9; *see Buntin*, 2015 WL 3407866, at *3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by the defendant). Thus, having reviewed the settlement agreement (Doc. 18 at 7-12), the Court recommends finding the proposed terms of the settlement as a fair and reasonable compromise of the dispute.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion for Approval of Settlement (Doc. 18) be **GRANTED** and the Settlement Agreement (Doc. 18 at 7-12) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record